IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:13-cr-0095 |
| v. | : CHIEF JUDGE ALGENON L. MARBLEY |
| AMIRE T. SMITH, | : |
| Defendant. | : |

**OPINION & ORDER**

This matter is before the Court on a Motion for Compassionate Release filed by Defendant Amire T. Smith. (ECF Nos. 55, 57). The same motion was also filed in another case, also titled *United States v. Smith.*(2:09-cr-694, ECF No. 10). For the reasons articulated below, Defendant's Motion is **DENIED**.

**I. BACKGROUND**

On February 14, 2014, Amire T. Smith was sentenced to 60 months of imprisonment for one count of possession with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 814(a)(1) and (b)(1)(B)(iii). He was also sentenced to a consecutive term of 60 months of imprisonment for one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924. (ECF No. 39). He is currently incarcerated at FCI Big Spring. (ECF No. 57).

On November 3, 2020, Mr. Smith submitted a pro se Motion for Compassionate Release, erroneously docketed under an incorrect case number. (2:09-cr-221, ECF No. 10). He seeks compassionate release due to the passing of his mother, and he asked to be granted home

confinement to be with his family and children, after serving 8 years of his 10-year sentence. On May 3, 2021, Mr. Smith's CJA-appointed counsel submitted a Supplemental Motion in Support of his Motion for Compassionate Release, seeking release due to the COVID-19 pandemic (2:13-cr-095, ECF No. 38).[1] The Government opposes his release because Mr. Smith is now vaccinated against COVID-19, and because the § 3553(a) factors weigh against release. (ECF No. 58). The Motion is now ripe for review.

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" once the exhaustion requirement or 30-day waiting requirement has been satisfied. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). A district court "must supply specific factual reasons" in support of its compassionate release decision. *United v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020) (internal quotations omitted).

In *United States v. Jones*, the Sixth Circuit clarified the mechanics of compassionate review under 18 U.S.C. § 3582 where an incarcerated person brings a motion on his own behalf. In *Jones*, the Sixth Circuit announced that U.S.S.G. § 1B1.13 is no longer considered an "applicable" policy statement "in cases where incarcerated persons file their own motions in district court for compassionate release." *Id.* at 1101–02.

The *Jones* court set forth a three-step framework for district courts to follow when considering motions for compassionate release. *Id.* at 1107–08. First, district courts must find whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id.* Second, a court must determine whether the reduction is consistent with applicable policy statements issued by the

---

[1] Mr. Smith's CJA-appointed counsel requested this Court to deem his Motion for Compassionate Release filed under Case No. 2:13-cr-095, which was corrected on the docket.

Sentencing Commission. *Id.* at 1108. Given that the *Jones* court found that U.S.S.G. § 1B1.13 was no longer applicable to motions brought by incarcerated persons on their own behalf, federal district courts may now skip this step in those instances and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* Third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether, in the court's discretion, the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

### III. LAW & ANALYSIS

#### A. Exhaustion of Administrative Remedies

When reviewing motions for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A), the Court's first step is to ask: Has the movant either fully exhausted all administrative rights, or have 30 days lapsed since the movant received the warden's letter denying the request? If either prong is answered in the affirmative, the Court then considers whether extraordinary and compelling circumstances justify release. 18 U.S.C. § 3582(c)(1)(A); *see also Alam*, 960 F.3d at 832. The Sixth Circuit held that this requirement is not a jurisdictional rule, but a claim-processing rule that "binds the courts only when properly asserted and not forfeited." *Id.* at 833. In *Alam*, the statute's requirement was characterized as a "mandatory condition." *Id.* at 834.

In his Supplemental Motion, Mr. Smith submits that he has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(a). (ECF No. 57 at 3). On March 11, 2021, Mr. Smith submitted a formal request for compassionate release to the warden of his facility. (*See* ECF No. 57, Ex. A). His request went unanswered. Though Mr. Smith initially filed his motion for

3

compassionate release on November 3, 2020, before he formally requested relief from the Bureau of Prisons ("BOP"), he filed his supplemental motion for compassionate release on May 5, 2021. This Court finds that Mr. Smith has met the administrative exhaustion requirement because more than 30 days passed between the date on which he filed his first formal request with the BOP and the date on which his CJA-appointed counsel filed his supplemental motion.

### B. Extraordinary and Compelling Reasons

Under the analysis set forth in *Jones*, this Court must next determine whether "extraordinary and compelling reasons" warrant a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i). This Court has "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Mr. Smith raises the health concern of obesity, given his body mass index of 38.4, alleging that he faces a greater risk of developing serious chronic diseases and severe illness if he contracts COVID-19. (ECF No. 57 at 3). The Government opposes his contention that his health condition presents an "extraordinary and compelling reason" because, as of April 28, 2021, Mr. Smith received both doses of the Moderna COVID-19 vaccine. (ECF No. 58 at 9).

As an initial matter, this Court recognizes the devastating impact of the COVID-19 pandemic and that prison populations are subject to heightened vulnerability. The spread of COVID-19 in prisons is well-documented. At FCI Big Spring, where Mr. Smith is incarcerated, three incarcerated individuals have died of COVID-19 and 697 inmates have contracted the virus since the pandemic began.[2]

Furthermore, COVID-19 may place Mr. Smith at increased risk. The Centers for Disease Control ("CDC") has indicated that individuals with obesity might be at a higher risk for severe

---

[2] *See* Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited June 29, 2021).

illness from COVID-19.[3] The Government argues, however, that his risk of severe illness or death has lessened because he contracted COVID-19 and subsequently recovered, and because he is now vaccinated against COVID-19. (ECF No. 58 at 13–14).

Mr. Smith's medical records show that he has received both doses of the Moderna COVID-19 vaccine and therefore has been fully inoculated against the virus. (ECF No. 61). According to a recent report and study conducted by the CDC, mRNA vaccines like Moderna reduce the risk of infection by ninety-one percent for those fully vaccinated.[4] The report, quoting CDC Director Rochelle P. Walensky, further notes that "fully vaccinated people who still get COVID-19 are likely to have milder, shorter illness and appear to be less likely to spread the virus to others." *Id*. Additionally, FCI Big Spring has vaccinated roughly two-thirds of the prison population, and has no active cases of COVID-19 among the incarcerated population.[5]

Courts throughout the country, as well as in the Sixth Circuit, have routinely ruled that vaccination from COVID-19 seriously undermines, or precludes, higher-risk individuals from arguing "extraordinary and compelling" reasons for early release on the basis of COVID-19 health concerns. *See, e.g.*, *United States v. Shade*, Case No. 2:19-cr-88, 2021 WL 2069759, at *2 (S.D. Ohio May 24, 2021) ("[The defendant] is now fully vaccinated. Accordingly, the Court finds that the Coronavirus Pandemic is not an extraordinary and compelling reason for [the defendant]'s release."); *United States v. White*, No. 15-CR-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("The Court denies Defendant's motion for compassionate release because his access to

---

[3] *See* Ctrs. for Disease Control & Prevention, *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited June 29, 2021).

[4] *See* Ctrs. for Disease Control & Prevention, *CDC COVID-19 Study Shows mRNA Vaccines Reduce Risk of Infection by 91 Percent for Fully Vaccinated People: Vaccination Makes Illness Milder, Shorter for the Few Vaccinated People Who Do Get COVID-19*, https://www.cdc.gov/media/releases/2021/p0607-mrna-reduce-risks.html (last visited June 29, 2021).

[5] *See* Bureau of Prisons, *supra* note 3.

the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release.").

This Court has discretion to determine for itself whether Mr. Smith has presented "extraordinary and compelling reasons" within the meaning of the First Step Act. Because FCI Big Spring currently has no active cases among incarcerated individuals and a majority of inmates have been vaccinated, the risk of spread of COVID-19 within the prison has decreased. While Mr. Smith's obesity might place him at a higher risk of severe illness, the risk is mitigated because he is vaccinated against COVID-19. Accordingly, this Court finds that Mr. Smith has not demonstrated an extraordinary and compelling reason for compassionate release at this time, given the current circumstances regarding COVID-19.

### C. Section 3553 Sentencing Factors Analysis

Even if this Court found Mr. Smith's health conditions to constitute "extraordinary and compelling reasons" due to the risk of contracting COVID-19, Mr. Smith would be unable to satisfy the § 3553 sentencing factors to warrant compassionate release. When an incarcerated person demonstrates "extraordinary and compelling reasons" that could justify a reduction in sentence, this Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. The Court does not need to "specifically articulat[e]" every single Section 3553 (a) factor in its analysis; rather, the record "as a whole" must indicate that the pertinent factors were considered. *Id.* For a reviewing court, this record will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* Section 3553(a) instructs the Court to consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) The need for the sentence imposed—

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .;

(5) Any pertinent policy statement . . . issued by the Sentencing Commission . . . ;

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

      In support of his Motion for Compassionate Release, Mr. Smith notes that he has the full support of local relatives, including his three sisters who are committed to supporting him upon release. (ECF No. 57 at 4). Mr. Smith also highlights that at the time of filing his motion, he served approximately 107 months of his 120-month sentence, or approximately 90% of the imposed sentence. Additionally, Mr. Smith asserts he would attend the Roadmaster Drivers School of Columbus to obtain his commercial driver's license upon release. The Government opposes and argues that the § 3553(a) factors do not justify his release, emphasizing the nature and seriousness of the underlying drug and firearms offenses and the fact Mr. Smith was previously convicted of a gun-trafficking offense. (ECF No. 58 at 16).

This Court must consider both the health risk to the individual and the interests served by continued incarceration based on the nature and seriousness of the offense. In imposing a sentence, a sentencing court's task is to "'impose a sentence sufficient, but not greater than necessary, to comply with purposes' of the statutory sentencing scheme." *United States v. Presley*, 547 F.3d 625, 630–31 (6th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). The Court finds that Mr. Smith's early release would undermine the statutory purposes of sentencing. Mr. Smith was sentenced to the mandatory-minimum sentence for his crimes. Additionally, Mr. Smith previously pled guilty to conspiracy to deal and transport firearms and served three years in federal prison. He was still on supervised release for this previous conviction when the crimes in the present case occurred in 2011. Mr. Smith was discovered to be in possession of three firearms, 2.2 kilograms of cocaine, 796 grams of cocaine base, and 129 grams of marijuana. Considering Mr. Smith's criminal history, the seriousness of his convicted crimes, and the minimum sentence imposed, the 3553(a) factors weigh against his compassionate release.

### IV.  CONCLUSION

For these reasons, Mr. Smith's Motion for Compassionate Release is **DENIED**. (ECF Nos. 55, 57). The motion for compassionate release filed in Case No. 2:09-cr-0221 is hereby **MOOT**. (ECF No. 10).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 10, 2021**